JAYSON GOMEZ AND ROBERT FOOSHEE
v.
DANNY BARDWELL AND ALLSTATE INSURANCE COMPANY.
No. 2009 CA 1334.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication.
JOHN A. KELLER, Madisonville, LA, Counsel for Defendant/Appellant Allstate Insurance Company.
MICHAEL C. DAVIS, Baton Rouge, LA, Counsel for Plaintiff/Appellee Jayson Gomez.
SCOTT M. EMONET, Baton Rouge, LA, Counsel for Plaintiff/Appellee Robert Fooshee.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
DOWNING, J.
The sole issue of this appeal is whether the trial court erred in awarding the $50,000.00 policy limits to a guest passenger in an automobile that had been rearended. For the following reasons, we affirm the trial court judgment.
On December 20, 2005, Jay son Gomez was driving a rented truck on the interstate in stop-and-go traffic when he was rear-ended by Danny Bardwell, who was also driving a pick-up truck. Robert Fooshee was a guest passenger in Gomez's vehicle at the time of the accident. Nobody complained of injury at the scene and both vehicles were drivable after the accident.
On December 15, 2006, both Gomez and Fooshee filed suit against Bardwell and his insurer, Allstate Insurance Company. On November 20, 2008, a trial on the merits was held. The parties stipulated to Bardwell's liability and that damages did not exceed his $50,000.00 per person policy limits. The stipulation also provided that Mr. Fooshee's medical expenses totaled $5,212.50 and that his lost wages totaled $6,866.40. Following the trial, the trial court took the matter under advisement. On January 17, 2009, the trial court, finding in favor of the plaintiffs and against Allstate, issued its Reasons for Judgment which stated that the only argument advanced on behalf of Allstate was that "it was inconceivable that even one of the plaintiffs could have been injured" and "it is even more inconceivable that both plaintiffs could have been injured." Judgment was signed on February 25, 2009, awarding the $50,000.00 per person policy limits to each plaintiff. Allstate appealed, and urges the following assignments of errors:
(1)The trial court erred in finding that the only argument advanced on behalf of Allstate Insurance Company in its defense was that the minor nature of the impact could not have caused injury to both Jason (sic) Gomez and Robert Fooshee.
(2) The trial court erred in finding that plaintiff, Robert Fooshee, was entitled to damages in the amount of $50,000.00.
First, we address Mr. Fooshee's damage award. Allstate argues that Mr. Fooshee "did not submit any proof whatsoever that he suffered anything other than soft tissue injuries as a result of the subject accident." Allstate also claims that Mr. Fooshee failed to introduce any corroborating evidence to sustain his burden of proving that he suffered anything other than a minor soft tissue injury. Allstate further argues that Mr. Fooshee was in the scope of his employment at the time of the accident and, if really injured, could have filed a workers' compensation claim, but did not. Allstate also argues that Mr. Fooshee did not tell the truth when he denied suffering a previous back injury in 2001, when he had a wreck on a fourwheeler. Allstate argues that this effectively impeached his credibility.
The record reflects that on the date of the accident, December 20, 2005, Mr. Fooshee was treated in an emergency room for neck pain and jaw popping. He received treatment with a chiropractor/physical therapist for nearly a month. From mid-February until early April, he was treated by another chiropractor; this treatment included wearing a splint for his TMJ. Mr. Fooshee testified that he continued having back pain. Finally, in December 2006, he underwent an MRI study that revealed minimal bulging discs at the C5-6 and C6-7 levels. The MRI report did not confirm that the disc involvement was related to the accident, but the report did state that comparisons of prior cervical spine images were not available.
When asked on cross-examination about prior back injuries, Mr. Fooshee answered that he had no prior spinal injuries. When shown his medical records from his treating physician, however, Mr. Fooshee explained that he did have some pain after his four-wheeler accident, but that it cleared up when the doctor prescribed some pain medication. His medical record indicates that he was last prescribed Vicodin on February 4, 2005 for back pain. Mr. Fooshee also explained that the doctor told him he was having some prostate issues, which could also account for the pain. When asked why he waited so long to have an MRI, he explained that although he had continued pain, he put off having the MRI for nearly a year because he could not afford to miss more work.
General damages are those which are inherently speculative in nature and cannot be fixed with mathematical certainty. Bouquet v. Wal-Mart Stores, Inc., 08-0309, p. 4 (La. 4/4/09), 979 So.2d 456, 458-59. The standard of review applicable to a general damage award is the abuse of discretion standard. Id. The trier of fact is afforded vast discretion in assessing the facts and rendering an award because it is in the best position to evaluate witness credibility and see the evidence firsthand. Id.
Here, the trial court in its written reasons adopted plaintiffs post-trial memorandum which fully described the medical history of the case. The trial court heard Allstate's argument about Mr. Fooshee's veracity and previous mishaps that could have caused his back injury. Also, Mr. Fooshee produced numerous medical reports, and the trial court heard his testimony. On the other hand, Allstate did not produce any medical evidence to refute Mr. Fooshee's medical reports and testimony. We conclude that the trial court did not abuse its vast discretion in making its damage award to Mr. Fooshee. Thus, this assignment of error is without merit.
Allstate next claims that the trial court erred in finding that the only argument advanced on its behalf was that the minor nature of the impact could not have caused injury to the plaintiffs. At the onset, we note that the trial court's written reasons do state that Allstate only advanced the above stated argument. Appeals, however, are taken from judgments and not the trial court's written reasons. Huang v. Louisiana State Board of Trustees for State Colleges and Universities, 99-2805, p. 5 (La.App. 1 Cir. 12/22/00) 781 So.2d 1, 6. A judgment and reasons for judgment are two separate and distinct legal documents. Id. The court of appeal reviews judgments and, where the court of appeal believes that the trial court reached the proper result, the judgment will be affirmed. Id.
After a case has been fully tried on the merits, the inquiry on appeal becomes whether the record contains sufficient evidence to support the conclusions reached by the trier of fact. Id., 99-2805 at p. 6, 781 So.2d at 6. We agree that Allstate did advance other theories to defeat the amount of damages claimed by Mr. Fooshee. Allstate emphasized Mr. Fooshee's previous accident and injuries. It also emphasized the fact that Mr. Fooshe did not follow up with visits to his treating health care providers. However, as explained above, the trial court adopted plaintiffs post-trial memorandum that succinctly described the medical history of the case, which the trial court concluded was the most accurate. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993).
Therefore, for the foregoing reasons, we affirm the trial court judgment. The costs of this appeal are assessed against Allstate Insurance Company. This memorandum opinion is in compliance with Uniform Court of Appeal Rule 2-16.1B.
AFFIRMED
GAIDRY, J., concurring.
The trial court's award of general damages is, under the facts shown, quite liberal and generous. The plaintiffs MRI study showed only "minimal" bulging of two cervical discs, with no nerve root impingement or spinal cord involvement, and the diagnostic evidence was equivocal at best on the issue of whether he actually sustained any disc injury. While I may have reached a different result than that reached by the trial court, I am not prepared to conclude that its award of damages constitutes an abuse of its vast discretion. Accordingly, I concur in the decision. But under any reasonable standard of review, the trial court's award must be considered to fall within the higher end of the range of awards for injuries of comparable character and duration.
McCLENDON, J., dissents and assigns reasons.
Plaintiff, Robert Fooshee, suffered a soft tissue injury for which he received active treatment for approximately four months. Fooshee also testified that he was given a TMJ splint by his chiropractor that he wore for only about a month or a month and a half. Furthermore, although Fooshee was treating with several physicians for his A.D.D. following the accident, he made no mention to them of any problems associated with the accident. Thus, I am of the opinion that the trial court abused its discretion in awarding $37,921.10 in general damages.[1] Accordingly, I respectfully dissent.
NOTES
[1] The amount of general damages is reflective of the award of $50,000 minus the amount of the stipulated special damages.